UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| United States of America,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>(1) Cody Wayne Timmerman; (2) Irma Beatrice Timmerman; (3) Siarra Iris Dawn Gallegos; (4) Justin Donald Suhajda; and (5) Todd Allen Hughes,<br><br>　　　　　　Defendants. | Case No. 20-CR-233-JRT-KMM<br><br>**FIRST AMENDED SCHEDULING ORDER** |

---

Defendant Russell Jason Rahm has filed a motion to modify the scheduling order in a closely related case. *United States v. Rahm, et al.*, 20cr232-JRT-KMM, Doc. No. 542. In this case, Defendant Siarra Iris Dawn Gallegos has filed a substantively identical motion. ECF 88. Given the complexities of this matter and the related litigation, any adjustment of the schedule will be applied to all of the defendants across the related cases. Although counsel for Mr. Rahm and for Ms. Gallegos had spoken with counsel for many of their codefendants, they had not been able to communicate with all of them regarding the request. Therefore, on March 23, 2021, the Court gave an opportunity for any other party to object to the proposed scheduling changes by March 26, 2021. ECF 89. The Court received no objection, either from other defendants whose cases will follow the same schedule, or on behalf of the United States. Moreover, Mr. Rahm and Ms. Gallegos set forth good cause for the requested extension, detailing the voluminous discovery, and the fact that much discovery has not yet been made available to the defendants.

The Court finds that the requested extension of the pretrial schedule is appropriate, and the following deadlines are adopted[1]:

## I.    PRETRIAL DEADLINES/DISCOVERY AND DISCLOSURE ORDER

1. Defendants must make all disclosures required by Federal Rule of Criminal Procedure 16(b) **by July 14, 2021**.

2. All pretrial motions must be filed and served consistent with Federal Rules of Criminal Procedure 12(b) and 47, and Local Rule 12.1(c)(1), **on or before July 14, 2021**.

If counsel for any defendant is unable to meet this deadline, he or she must seek a modification of the schedule **by no later than July 1, 2021.**

3. It is unknown at this time whether the Court will continue to hold hearings via videoconference by the time a pretrial motions hearing is held in this matter. Nonetheless, out of an abundance of caution, counsel for each defendant must electronically file a letter indicating whether their client consents to hold the motions hearing in this matter via video conference **by July 14, 2021.**

4. Counsel must electronically file a letter **on or before July 14, 2021**, if no motions will be filed and there is no need for a hearing.

5. The government's responses to all pretrial motions **must be filed by August 16, 2021**.

6. The government shall file is Notice of Intent to Call Witnesses **by September 13, 2021**, in accordance with D. Minn. LR 12.1(c)(3)(A).  In order to avoid the need for a recess of the motions hearing, the government must make all disclosures which will be required by

---

[1]    The Court notes that several defendants in this matter have already entered guilty pleas. They are therefore unlikely to be impacted by this amended schedule and can disregard it.

Fed. R. Crim. P. 26.2 and 12(h) **by September 27, 2021**, if they have not already been provided to opposing counsel.

7. Any Responsive Notice of Intent to Call Witnesses on behalf of any defendant **must be filed by August 30, 2021**. D. Minn. LR 12.1(c)(3)(B).

## II. SPEEDY TRIAL EXCLUSION

For the reasons set forth in the Court's order designating this case as a complex case pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii), ECF 23, and in the Court's Corrected Scheduling Order, ECF 66, the time between the date of this Order and August 30, 2021, when the motions and responses will be complete in this case, shall be excluded from the Speedy Trial Act calculations. As the Court has already observed, this case is uniquely complex, with an extraordinary volume of discovery. The defendants have not yet been given access to all of the information needed for them to prepare pretrial motions. The additional time is needed for each defendant to review the discovery and prepare the appropriate motions.

## III. CONCLUSION

Consistent with the foregoing, the Ms. Gallegos's motion to modify the schedule is **GRANTED** as set forth in this First Amended Scheduling Order. All other terms and conditions of the Corrected Scheduling Order, ECF 66, remain in full force and effect.

Date: March 30, 2021

    *s/Katherine Menendez*
Katherine Menendez
United States Magistrate Judge